# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0622V
Filed: April 18, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DEBORAH MARINO, | |
| Petitioner, | Ruling on Entitlement (Non-Table); Fact Hearing; Findings of Fact; Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Amy P. Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On May 25, 2016, Deborah Marino ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered right shoulder injuries as a result of receiving the influenza ("flu") vaccine on September 25, 2014. Petition at 1-4. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

### I. Summary of Procedural History

On July 7, 2016, the staff attorney assigned to manage this case on behalf of the undersigned held the initial telephonic status conference. Paul Brazil appeared for petitioner. Amy Kokot appeared for respondent. At the conference, respondent asked that petitioner file additional medical records, if available, to corroborate her assertions

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

regarding onset and course.  Respondent also requested any available medical records from three years prior to vaccination.  Petitioner's counsel stated his belief that all available records had been obtained and filed; however, he agreed to follow up with petitioner on the matter.  *See* Sched. Order, issued July 8, 2016 (ECF No. 8).

On August 11, 2016, petitioner filed additional medical records and a second statement of completion.[3]  Thereafter, respondent was ordered to file a status report regarding his litigative position.  *See* Sched. Order, issued Aug. 17, 2016 (ECF No. 11).  On September 19, 2016, respondent reported that he was not interested in settlement and wished instead to file a Rule 4(c) Report contesting entitlement.  (ECF No. 12).

Respondent filed his Rule 4(c) Report on October 28, 2016.  In respondent's view, petitioner had failed to provide any "reliable evidence to demonstrate that her flu vaccination on September 25, 2014, caused her right shoulder injury."  Rule 4(c) Report, filed Oct. 28, 2016 (ECF No 14), at 6.

On November 4, 2016, the staff attorney convened a status conference to discuss possible next steps.  The parties agreed that a fact hearing would be helpful since respondent's opposition centered on the onset of petitioner's symptoms and her seven-month delay in seeking treatment.[4]  A fact hearing would afford petitioner an opportunity to describe in detail the circumstances of her vaccination, the onset of her symptoms, the nature of her injury, and the reasons for her delay in seeking treatment.  *See* Sched. Order, issued Nov. 4, 2016 (ECF No. 15).

Based on the parties' input, the undersigned scheduled a fact hearing for March 2, 2017, in Washington, D.C.  *See* Pre-Hearing Order, issued Dec. 16, 2016 (ECF No. 19).  Petitioner filed a witness list and corresponding affidavits on February 16, 2017.  (ECF No. 22).  Respondent did not plan to call any witnesses.

## II. Fact Hearing

The undersigned held the fact hearing as planned, with petitioner and two other lay witnesses testifying via videoconference.[5]  At the conclusion of the proceeding, the undersigned informed the parties that she intended to issue a ruling from the bench.  *See* Hearing Transcript ("Tr."), filed Mar. 16, 2017 (ECF No. 25), at 56.  Both parties agreed to this proposed action.  *Id.*

After a short recess, the undersigned returned and read her ruling into the record.  Tr. at 57-62.  The undersigned stated that there were two issues to be resolved: (1) the onset of petitioner's symptoms, and (2) whether petitioner sustained a shoulder

---

[3] Pet'r's Ex. 6.

[4] During the conference, petitioner's counsel suggested that the parties attempt to negotiate, perhaps on the basis of litigative risk.  Respondent's counsel agreed to speak with her client about the possibility.  *See* Sched. Order, issued Nov. 4, 2016 (ECF No. 15).  On November 18, 2016, respondent filed a status report declining the opportunity to discuss a settlement.  (ECF No. 16).

[5] A third witness was planned, but unable to attend.  The undersigned accepted her submitted affidavit in lieu of her testimony.  Tr. at 57; *see* Pet'r's Ex. B, attachment to Witness List (ECF No.22-2).

2

injury related to vaccine administration ("SIRVA"). With regard to the onset of symptoms, the undersigned found that petitioner experienced pain "immediately after the flu vaccine was administered." Tr. at 60. With regard to whether petitioner suffered a SIRVA, the undersigned found that petitioner fulfilled all of the criteria for that injury.[6] Tr. at 60-61.

Having resolved the pertinent factual issues, the undersigned then found that petitioner had met her burden of proving causation-in-fact under *Althen v. HHS*, 418 F.3d 1274 (Fed. Cir. 2005). Tr. at 61.

### III. Conclusion

On March 20, 2017, the undersigned afforded the parties 14 days in which to file, or request to file, additional relevant evidence in this matter. *See* Order, issued Mar. 20, 2017 (ECF No. 26). The order advised the parties that after 14 days, the evidence in this matter would be closed and a ruling on entitlement would issue. No additional evidence, or request to file evidence, was submitted.

**In view of the submitted evidence, including the medical records, credible witness testimony, and findings of fact, the undersigned finds petitioner entitled to Vaccine Act compensation.**

**IT IS SO ORDERED.**

                                       **s/Nora Beth Dorsey**
                                       Nora Beth Dorsey
                                       Chief Special Master

---

[6] Effective for petitions filed beginning on March 21, 2017, SIRVA is an injury listed on the Vaccine Injury Table ("Table"). *See* National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 82 Fed. Reg. 6294, Jan. 19, 2017; National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 82 Fed. Reg. 11321, Feb. 22, 2017 (delaying the effective date of the final rule until March 21, 2017). Although petitioner's claim was filed before SIRVA was added to the Table, and thus cannot be found to be a SIRVA Table injury, the undersigned's findings were informed by the criteria used to evaluate such claims. The criteria are as follows:

> A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following: (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; (ii) Pain occurs within the specified time-frame; (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

82 Fed. Reg. 6303 (Qualifications and Aids to Interpretation for SIRVA); *see also* National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, 80 Fed. Reg. 45132, Notice of Proposed Rulemaking, July 29, 2015 (citing Atanasoff S, Ryan T, Lightfoot R, and Johann-Liang R, 2010, *Shoulder injury related to vaccine administration (SIRVA)*, Vaccine 28(51):8049-8052).